IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(PIKEVILLE DIVISION)

ZACHARY RATLIFF                                                    PLAINTIFF
2195 Brushy Road
Varney, Kentucky 41571

Case No. _____

v.

Judge_____

EXPERIAN INFORMATION SOLUTIONS, INC.                    DEFENDANTS
475 Anton Boulevard
Costa Mesa, California 92626

> SERVE:   CT Corporation System
>          306 W. Main Street, Suite 512
>          Frankfort, KY 40601
>          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Zachary Ratliff, and for his Verified Complaint against the Defendant,

Experian Information Solutions, Inc. ("Experian") states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting disputes;

Defendant's false reporting of multiple vehicle repossessions on a Credit Acceptance tradeline;

and Defendant's failure to correct its false reporting of the status of the subject tradeline.

## II. PARTIES

2.   Plaintiff, Zachary Ratliff, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2195 Brushy Road, Varney, Kentucky 41571.

3.   Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.   Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

5.   Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.   Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7.   This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Pike County, Kentucky as a result of the Defendant's doing business in Pike County, Kentucky.

### IV. FACTUAL BACKGROUND

8.   In or around November 2020, Plaintiff accessed his Experian credit report and discovered a Credit Acceptance tradeline reporting a vehicle repossession every month from January 2019 through November 2020.

9.   Immediately upon discovering the foregoing tradeline, Plaintiff filed a dispute with Experian regarding the inaccuracy of the tradeline.

10.   Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Credit Acceptance of the dispute at or within five (5) days of

Experian's receiving notice of the dispute from Plaintiff.

11.     Plaintiff never received the results of his dispute to Experian.  In March 2021, however, Plaintiff again accessed his Experian credit report and the foregoing tradeline was reporting as it had been reporting prior to Plaintiff's dispute.

12.     Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Experian failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit reports or to amend Plaintiff's credit report.

13.     Upon information and belief, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item or to amend Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute.

14.     The Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to investigate Plaintiff's disputes and Defendant's false reporting of the foregoing tradeline. In addition, the Defendant's violation of the FCRA has caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V.  CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Experian

15.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item, are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under

15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17.     Experian's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

19.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

22.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Zachary Ratliff, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

5

## VERIFICATION

I, Zachary Ratliff, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Zachary Ratliff

COMMONWEALTH OF KENTUCKY )
                        ) SS
COUNTY OF PIKE           )

Subscribed, sworn to and acknowledged before me by Zachary Ratliff this 3 day of

_____, 2021.

_____
Notary Public RHONDA ROSBOTTOM

Commission expires: March 28, 2022